IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CALVIN DEWAYNE TAYLOR                                                                    PETITIONER
*REG #32707-009*

V.                               CASE NO. 4:23-cv-00427-BRW-JTK

DOE                                                                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection and (2) be received by the Clerk of this Court within 14 days of the entry of this Recommendation. By not objecting, you may waive the right to appeal questions of fact. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

### I.   Background

On May 8, 2023, Calvin Taylor ("Taylor") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). Taylor is currently an inmate at the medium security Federal Correctional Institution in Beaumont, Texas ("FCI Beaumont"). For the reasons below, the undersigned recommends that the case be denied and dismissed without prejudice.

### II.  Discussion

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must [summarily] dismiss the petition." *See* R. 4,

R. Governing § 2254 Cases in the U.S. Dist. Ct. (applicable to § 2241 petitions under R. 1(b)). Here, it plainly appears that Taylor is not entitled to relief.

In 2020, the Government filed a superseding information against Taylor in this District. *See USA v. Calvin D. Taylor*, case no. 4:19-cr-00210-KGB. (Doc. No. 24). He pleaded guilty to felon in possession of a firearm and possession of a firearm in furtherance of a drug-trafficking crime on August 14, 2020. (Doc. Nos. 26 & 27). Judge Kristine Baker sentenced him to a consecutive 51 months' imprisonment on count one and 60 months' imprisonment on count two. (Doc. No. 46). He is currently serving his sentence at the FCI Beaumont.

In his federal habeas petition, he alleges that he is entitled to time credit of 365 days under the First Step Act and the CARES Act, plus an additional 180 days of time credit mandated by Congress. He states that the Bureau of Prisons (BOP) has failed to issue him the earned time credits; therefore, he wants this Court to apply the time credits to his sentence.

To challenge the execution of his sentence, a federal petitioner may bring a habeas claim under 28 U.S.C. § 2241 in the district where he is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002); *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (stating that claims regarding time credits concern the execution of a sentence and must be brought under § 2241 in the district of confinement).

The BOP, as delegated by the Attorney General, has the power to determine who earns time credits, to calculate such time, and to apply that time toward a federal inmate's sentence. *See* 28 C.F.R. § 0.96; *see also* 18 U.S.C. § 3632 (delegating to Attorney General and BOP the authority to establish a system for administering incentives and rewards). Federal courts cannot review the BOP's computation of time credits until a petitioner has exhausted all administrative remedies.

The Code of Federal Regulations sets forth an administrative review process for federal petitioners to challenge the computation of their time credits. *See* 28 C.F.R. § 542.

Foremost, this Court lacks jurisdiction to provide the relief requested. Taylor was prosecuted and sentenced in this Court, which lies in the Eastern District of Arkansas. He is, however, incarcerated in the Eastern District of Texas. Because this Court is not in the district of confinement, this Court cannot entertain Taylor's petition.

Assuming Taylor did file his petition in a district court of competent jurisdiction, neither can that court review the petition because he has not shown that he exhausted all available administrative remedies. He mentions that he received two verbal denials from his unit team and the BOP but never states how he complained specifically. This does not clearly demonstrate that he has completed the administrative review process that is available to him. Therefore, a district court of competent jurisdiction would not have the authority to review Taylor's petition.[1]

### III.   Conclusion

Accordingly, the undersigned recommends that Taylor's federal habeas petition be **DENIED** and this case be **DISMISSED** without prejudice.

DATED THIS 24th day of October, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Even though this Court has discretionary authority to *sua sponte* transfer this case and cure Taylor's procedural defect, it is not in the interest of justice to do so. *See* 28 U.S.C. § 1631 Under § 1631, a transfer, rather than dismissal, is appropriate "when a plaintiff in good faith filed in the wrong court and the statute of limitations would have run before he could refile properly." *Gunn v. U.S. Dep't of Agric.*, 118 F.3d 1233, 1240 (8th Cir. 1997). Here, there is no time bar, and even if the petition had been filed in the appropriate district court, that court is unlikely to reach the merits of Taylor's claims because he has not exhausted his administrative remedies.